# Joseph F. Dull's Appeal.

---

# Casper Dull's Estate.

Where it appears from the evidence that during the lifetime of testator, and while he was competent to transact business, he made a full settlement of accounts in writing with his son, who was afterwards his executor, and that said executor made a partial account and subsequently a final account, and that all the heirs after deliberation accepted the settlement account made between the father and son as a finality, and also participated

NOTE.—A similar ruling is found in Finley's Estate, 196 Pa. 140, 46 Atl. 443.

in the final settlement of said executor and were satisfied therewith, a bill by one of the said heirs filed two years after the final settlement, for the purpose of questioning the genuineness of the settlement paper between the father and son, and to charge the said executor with items alleged to have been omitted in his account, will not be sustained.

(Argued May 24, 1887. Decided May 7, 1888.)

July Term, 1886, No. 60, E. D., before GORDON, TRUNKEY, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Mifflin County dismissing petitioner's bill to surcharge an executor, and for other relief. Affirmed.

The facts as they appeared at the trial before BUCHER, P. J., were as follows:

On January 9, 1883, Joseph F. Dull presented his petition, setting forth that he was a legatee under the will of Casper Dull, deceased; that C. P. Dull, one of the executors, conducted the business of settling the estate, and filed an account December 15, 1879, which was confirmed absolutely January 16, 1880; that by said account the estate is brought into debt to said accountant $2,696.27; that there were material errors in said account which ought to be revised and corrected; that accountant did not charge himself with the proceeds of a steam engine and boilers which he sold, and that he was largely indebted to the said Casper Dull for royalty on ore mined on the property of said Casper Dull, operated by Bradley & Dull, and for hauling the same, amounting in the aggregate to $30,000; that all petitioner's interest having been committed to A. J. Dull, James J. Dull, Daniel M. Dull, and C. P. Dull, executors of said deceased and trustees for him, he had no opportunity to discover, nor had he any knowledge of, the errors alleged until now; and prayed for a review of said account, and that the accountant might be charged therein with such sums as might be due.

The respondent denied his liability to be charged with the items set forth in the petition, for the reason that those which were not included in his partial account were included in an account subsequently furnished and were settled and paid on the 5th of April, 1881, when there was a final settlement made of the whole estate, embracing all the real and personal property, rents and all claims whatsoever made by and between the

said executors and trustees, and all the legatees and heirs of said Casper Dull and respondent.

Respondent further denied that accountant was indebted to Casper Dull in his lifetime for any amount which he did not settle and account for, and alleged that all the matters and things set forth in the said petition which were not accounted for and settled in the first or partial account or in the account settled with the executors, heirs, and legatees on the 5th of April, 1881, were settled by the said Casper Dull and the respondent on the 19th day of August, 1874; and the written evidence of said settlement signed by the said Casper Dull and respondent was exhibited to the said trustees and executors when said trustees and executors were making said final settlement of the entire estate of said Casper Dull, and that the same was passed upon and taken for a settlement of said matters and accounts between the respondent and said Casper Dull to that date; and in pursuance thereof the said final settlement of all the estate of the said Casper Dull was then and there made and concluded.

Respondent denied that Joseph "had no opportunity to discover nor had any knowledge of the errors alleged until now," the time of presenting his petition; but on the contrary he alleges that said Joseph F. Dull had an opportunity to discover the alleged errors at the time of the confirmation of said accounts, etc.; that on the said 5th of April, 1881, the said executors and trustees all met at McVeytown, and, in the presence of the said Joseph, the same was then and there finally settled and adjusted without any dispute or disapprobation on the part of said Joseph, and the share reserved for his benefit was then and there in his presence fixed and secured.

The respondent gave in evidence settlement paper marked J. R. W., No. 1, which reads thus:

It is hereby agreed in settlement between Casper Dull and C. P. Dull, this day, that on C. P. Dull paying the Robert Horning note of about $1,300 and two notes of M. & O. Whitworth of $900 each, that it shall be in full settlement of his account with Casper Dull, and that he shall have credit for payment in full of account of Bradley & Dull to this date, C. P. Dull still retaining his interest in McManigal judgment on county docket.

Signed                         Casper Dull.
McVeytown, Aug. 19, '74.       C. P. Dull.

The contention on the part of the plaintiff is that the evidence establishes that Casper Dull did not execute the settlement paper in dispute, not because he lacked mental capacity to do so, but that he was disqualified to do so by reason of physical weakness. It is also insisted that an attendant was always with him, so that it was impossible for him to execute the paper without the knowledge of others.

The court dismissed the bill with an opinion which was in part as follows:

Being satisfied from the evidence that the signature of Casper Dull to the paper is genuine; that he had full capacity to contract; that it was not procured by undue influence—the same must stand unimpeached, and the respondent is entitled to reap the fruits of the contract.

We find then as a fact in the case, from the evidence, that the accountant settled with his father for all claims that he had against him in his lifetime, and that he accounted for all amounts received on behalf of the estate subsequent to his death. The evidence is clear that all the items omitted in the partial account confirmed by the orphans' court were subsequently included in an account prepared by Esquire Wirt. That all the heirs, including Joseph F. Dull, had access to these accounts; knew what they contained and that the whole estate was settled up and releases exchanged by the parties with full knowledge of the existence of the settlement paper; nay, more, the proof is ample that Jos. F. Dull was present at this settlement; knew of the existence of this settlement paper; knew that the accountant had been hauling ore and sand from the lands of his father with his father's teams; and if he doubted or was suspicious of the honesty of the transaction he had full opportunity and it was his duty to speak out. Instead of doing this he sits by and participates in the settlement; and, although he did not execute and deliver a release for his share, he permitted his trustees to do so for him and we think it would be contrary to all equity to permit him to avoid it now.

We find, further, that Joseph F. Dull knew of this claim of his father against the accountant at the time the partial account was filed and confirmed. If he did not see the account before it was filed, which is not clear by any means, he resided in the county and could have seen it by calling at the office of the register. A bill of review is only allowed as a matter of right

in two cases: (1) For error apparent on the face of the record; and (2) for new matter that has arisen since the decree. As a matter of grace a review may be granted for new proof which has come to light since the decree, and which could not have been used at the original hearing. 1 Purdon's Digest, 447 and cases cited in note.

Family settlements are favored by the law. They should be maintained and upheld in the absence of fraud or plain mistake. This has not been shown here. On the contrary, the proof is clear that the executors, parties in interest, and trustees of the petitioner, with him as a participant, after consultation and deliberation, accepted the settlement account had and made with his father as a finality, and closed up the entire distribution of the estate. We see nothing to correct if the decree were opened. The parties interested seem to be satisfied with the final settlement as made, save the petitioner, and it was left for him alone to contest it after the lapse of nearly two years. He has shown no ground for the relief sought, and the bill must be dismissed at his costs.

The assignments of error specified the action of the court: (1) In dismissing the bill; and (2) in not decreeing the relief prayed for.

*John A. McKee* and *L. E. Atkinson,* for appellant.—Where there is anything suspicious in the circumstances, or the nature and amount of the gift is such that it ought not to have been accepted even if freely tendered, the case is different; and the onus is cast upon the relative or person standing *in loco parentis* of proving the righteousness of the transaction. Worrall's Appeal, 110 Pa. 349, 1 Atl. 380, 765; Miskey's Appeal, 3 Pennyp. 409; Cuthbertson's Appeal, 97 Pa. 163; Wilson's Appeal, 99 Pa. 545.

In this case not only the nature and amount involved, but the suspicious circumstances, call upon the donee to prove that the transaction was fair and honest, and that the paper was not procured by undue influence. Testimony to establish this is wanting. Worrall's Appeal, 110 Pa. 349, 1 Atl. 380, 765. See Darlington's Appeal, 86 Pa. 512, 27 Am. Rep. 726.

*Andrew Reed* for appellee.

PER CURIAM:

The learned judge of the court below has found certain facts which conclusively dispose of this controversy:

1. That the signature of Casper Dull, appended to the settlement of August 19, 1874, is genuine, and at that date Dull was fully competent to transact his own business.

2. That the appellant, with the other heirs, had full knowledge of this paper, previously to the filing of the account of December 15, 1879.

3. That he was present at the subsequent settlement of the executors and heirs, and acquiesced in that settlement.

Under these circumstances it is obvious that the appellant had no standing to maintain a bill of review, and that the orphans' court committed no error in refusing to entertain such bill.

The appeal is dismissed and the decree affirmed, at costs of appellant.